IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PIERRE A. MONTANEZ,** ) | |
| **#M30561** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv–2146−SMY |
| ) | |
| **JOHN BALDWIN,** ) | |
| **PATTY THULL,** ) | |
| **JACQUELINE LASHBROOK,** ) | |
| **WALTER NICHOLSON,** ) | |
| **KEVIN REICHERT,** ) | |
| **JOSHUA SCHOENBECK,** ) | |
| **ANDREW SPILLER,** ) | |
| **BARTON,** ) | |
| **DOE 1,** ) | |
| **DOE 2,** ) | |
| **KELLY PIERCE,** ) | |
| **HARRIS, and** ) | |
| **JOHN/JANE DOES CLINICAL** ) | |
| **SERVICES,** ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Pierre Montanez, an inmate who is currently incarcerated at Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, for events that occurred while he was incarcerated at Menard Correctional Center ("Menard"), Stateville Correctional Center ("Stateville) and Pontiac Correctional Center ("Pontiac").

Before the Court is Plaintiff's Motion for Temporary Restraining Order Pending Preliminary Injunction, in which he requests that the Court order a transfer from Pontiac to the

1

Protective Custody unit at Menard on grounds that he is in danger. (Doc. 10, pp. 4-5). For the following reasons, the Motion is **DENIED without prejudice**.

Plaintiff makes the following allegations in his Motion: Plaintiff and another inmate acted as confidential informants ("CIs") at Menard between 2014 and 2016, assisting the prison staff by providing information on weapons, drugs and planned violence against staff and other prisoners. (Doc. 10, p. 1). When Plaintiff ceased assisting the staff, they informed security-threat-group ("STG") inmates of Plaintiff's prior informant activities. *Id.*, pp. 1-2. Plaintiff was subsequently threatened by prison staff with transfer to Pontiac, "where the inmates Plaintiff…informed on are housed." *Id.*, p. 2. Pontiac's Protective Custody unit includes prisoners there in administrative detention, former Tamms Correctional Center inmates, sexual predators, "weapons violators", STG (i.e. gang-affiliated) inmates, and inmates with serious mental health issues under "minimal supervision." *Id.*, p. 3. He characterizes prison staff's threats to transfer him to Pontiac as "taking measures to have Plaintiff…killed or injured by such placement." *Id.*, p. 2.

After Plaintiff filed the current suit related to alleged retaliation at Menard and Stateville, he was transferred to Pontiac. (Doc. 5). He has amended his pleadings to add allegations that he was transferred in retaliation for his grievance and lawsuit activities and that he is in danger at Pontiac. (Docs. 17, 17-1). The instant motion alleges that he is in "a life-endangering situation, and face[s] irreparable injury or death" if he is not transferred back to Menard's Protective Custody unit. (Doc. 10, p. 4). Plaintiff filed a grievance at Pontiac regarding his safety concerns, which is still pending. *Id.*, pp. 10, 39-42.

**Discussion**

To obtain injunctive relief, whether through a temporary restraining order ("TRO") or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007)). A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

Relatedly, the Prison Litigation Reform Act ("PLRA") requires that any grant of prospective relief (including TROs) "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff does not allege that he has received any specific threats since being placed in Pontiac. Although he states that he fears for his life and safety at Pontiac, he does not point to any specific imminent threats in his current housing situation. "[A] speculative fear of injury is not a ground for an injunction." *Wright v. Miller*, 561 F. App'x 551, 554 (7th Cir. 2014) (*citing City of Los Angeles v. Lyons,* 461 U.S. 95, 104–05 (1983)). *See also Baird v. Hodge*, 605 F.

App'x 568, 570 (7th Cir. 2015) (holding that imprisoned former police officer did not adequately allege a specific threat of harm to justify injunctive relief once he was separated from inmate who had threatened him, as "the risk of attack from any other of the more than 2,000 inmates at Lawrence, without more, was too speculative to warrant relief.").

Plaintiff also does not allege that he has asked for and been denied protective custody at Pontiac, or why Pontiac's protective custody is inadequate. Plaintiff's concern about the presence of inmates on whom he has informed is serious, but there is no indication he has seen any of these inmates, that he has any contact with them, or any specific reasons why protective custody would not protect him from harm from such individuals or their associates.

For the foregoing reasons, the Court finds that Plaintiff has not demonstrated he faces a specific threat of immediate and irreparable injury or loss warranting the relief he seeks at this juncture. Accordingly, Plaintiff's Motion for Temporary Restraining Order (Doc. 10) is **DENIED without prejudice**. Plaintiff may file for a preliminary injunction once Defendants have entered this case. The Clerk of the Court is **DIRECTED** to mail a copy of Plaintiff's Motion and this Order to the Warden of Pontiac.

**IT IS SO ORDERED.**

**DATED: February 8, 2019**

s/ STACI M. YANDLE
**United States District Judge**